## BELDING *v.* RECTOR.

Opinion delivered June 27, 1903.

MUNICIPAL CORPORATIONS—POWER TO LICENSE BROKERS.—A city ordinance imposing an annual license tax of $200 upon each broker receiving market quotations by wire, and providing that all applicants for license shall first file a sworn statement stating that all orders given them are to be executed on the respective exchanges, and naming the correspondents who will execute said orders, is a valid exercise of the power given by Sand. & H. Dig., § 5132, "to license, regulate, tax, or suppress" brokers.

Appeal from Garland Chancery Court.

LELAND LEATHERMAN, Chancellor.

Reversed.

*A. Curl* and *H. R. Morrison,* for appellants.

The complaint does not state a cause of action. Sand. & H. Dig., § 5131; 88 Ill. 221. The legislature may empower a municipality to tax privileges. 11 S. C. 228; 22 Mo. 105; 49 Mo. 504; 3 Allen, 407; 19 Mo. 13. The ordinance was fully authorized. 59 Pa. St. 253; 67 Ark. 152. The court had no jurisdiction of the subject matter. 39 Ark. 412; 27 Ark. 625.

*Joseph Loeb* and *M. M. Cohn,* for appellee.

The ordinance was invalid. 42 Ark. 82; 34 Ark. 603; 64 Ark. 363; 1 Dill., Mun Corp., § 357; 25 Minn. 248; 45 Ark. 454; 34 Ark. 372; .152 U. S. 137; 85 Fed. 19; 13 Fed. 229; 26 Fed. 611; 82 Fed. 623; 184 U. S. 540; 64 Ark. 424; 43 S. W. 513. The legislature may class subjects of taxation, and when made all must be subjected to the tax. 46 S. W. 825; 58 Pac. 1089; 181 Ill. 73; 127 Cal. 101; 26 Cal. 415; 124 Mich. 664; 26 Col. 415; 124 Mich. 664; 52 La. Ann. 526; 65 N. H. 113; 126 Cal. 429; 67 N. Y. 324; 58 Oh. St. 599; 81 Ill. 670; 51 La. Ann. 1314; 67 Ill. App. 432; 182 Pa. St. 630; 53 Pac. 458; 47 La. Ann. 106; 136 U. S. 313; 57 Cal. 604; 86 Tenn. 272; 7 Paige, 261; 45 Ill. 90; 150 Ill. 459; 115 Mo. 307; 33 W. Va. 179, 188; 107 Ind. 502; 62 Mo. 591; 5 Yer. 59; 1 Dill., Mun. Corp., § 322; 190 Ill. 28; 133 Cal. 373; 91 U. S. 275; 116 U. S. 446; 3 Hun. 483; 2 Yerger, 320; 10 Yerger, 59. No presumptions regarding ordinances will be indulged. 34 Ark. 553; 7 La. 134; 46 N. Y. 596; 45 N. E. 587; 45 N. J. L. 216; 81 Ill. App. 670; 51 La. Ann. 1314; 112 Cal. 468; 53 Pac. 458. An ordinance will be void for discrimination. 118 U. S. 366; 54 N. W. 1104; 26 Fla. 163; 70 N. Y. 510; 57 Cal. 604. Any citizen may follow a pursuit not injurious to the community. 1 Burr., 12; 5 Mod., 104; 33 Up. Can., 181; 4 Hill, 209; 52 Cal. 356; 98 N. Y. 98; 71 N. Y. 654; 124 Mich. 664; 153 N. Y. 188; 157 N. Y. 116; 124 Mich. 664; 133 Cal. 373. The ordinance is oppressive and invalid. 85 Fed. 19; 31 Fed. 680; 34 Ark. 353; 178 Ill. 250; 48 S. W. 513; 49 La. Ann. 366; 111 Ga. 162; 83 Minn. 257; 31 Ark. 462; 46 N. Y. 596; 7 Lea, 134. The legislature can not confer a power which it does not possess. 85 Fed. 19; 82 Fed. 623; 26 Fed. 611; 165 U. S. 578; 58 Ark. 407. The court had jurisdiction. 33 Ark. 436; 46 Ark. 471; 49 Md. 217; 1 Duer, 457; 34 Md. 558; 45 Md. 310; 31 Md. 375; 1 Ark. 31; 14 Ark. 345, 50; 15 Ark. 24; 30 Ark. 89, 278; 37 Ark. 286; Tied., Mun. Corp., §§ 391-7; 2 High,Inj., 1243; 5 Wall. 413; 137 Ind. 592; 80 Md. 164; 15 L. R. A. 321, 603.

BUNN, C. J. The city council of Hot Springs adopted an ordinance imposing a license tax of $200 upon every broker of the class named doing business therein, and also prescribing that, before the license should be issued and granted, the applicant should make and subscribe a sworn statement as follows, to-wit: "That all orders given them (him) are to be executed on the respective exchanges," and that he should name therein his correspondents who

would execute said orders. The material parts of said orders are as follows: "Each stock, grain, cotton or other broker, or brokers, who receive market quotations by private or public wires, $200 a year, payable yearly in advance. This license does not apply nor is it to be issued to bucket shops, or those having bucket shop connections, and same are positively prohibited. All applicants for license shall first file with the mayor and city clerk a sworn statement stating that all orders given them are to be executed on the respective exchanges, and also name correspondents who will execute said orders."

"Each merchandise broker or agent selling merchandise on commission or brokerage, $25 a year, payable yearly in advance."

The appellee, H. M. Rector, Jr., made application to the proper city officer for said license of the first class named, and tendered the $200 license fee, but declined to make the sworn statement required by the ordinance, and his application was refused. Whereupon he filed his petition in the Garland county chancery court, praying an injunction against the defendant, restraining them from doing certain threatened acts, and an order compelling the said license to be granted him. In his petition he set up, among other things, that his desire in procuring the license was to conduct a strictly lawful business; that appellants had not only refused his tender of the fee fixed in the ordinance, and refused to grant him license, but had stationed a policeman in and about his place of business to watch and see if he should do business as such broker, notwithstanding his failure to obtain the license, and threatened to arrest him if he was found attempting to do so.

A demurrer to the petition on the ground that the same did not state facts sufficient to constitute a cause of action, and because the chancery court had no jurisdiction of the subject matter, was sustained to the petition. Thereupon petitioner filed his amended petition, setting up as additional matter that the $200 license fee was excessive; that it was intended for revenue rather than for proper regulation, and was therefore unlawful and void. A demurrer, a substantial repetition of that interposed to the original petition, was overruled, and, the respondents failing and refusing to plead over, decree was rendered in favor of the petitioner, the ordinance held to be void, and the temporary injunction made perpetual; and from this decree the respondents appealed.

The legislature in its general act of incorporation of cities and

towns, expressly conferred upon them the power "to license, regulate, tax or suppress brokers."

The real contention in this case is that the ordinance discriminates between those who wish to carry on the business of brokers through the mercantile and business exchanges of the various cities throughout the country and those who desire to transact such business independently of these exchanges, and is therefore void.

The city council of Hot Springs was empowered by the legislature to "license, regulate, tax or suppress" brokers. It could go to any extent it might choose to do, not arbitrarily however, nor without reason or good cause, even to the point of suppressing this character of business. In this instance it elected to regulate it by and through the means of an annual license tax. To make its regulation and control of the business the more effectual, the city council had a right to adopt any reasonable method of enforcing its ordinance on the subject.

In its wisdom it might have foreseen, and, judging from the language of its ordinance, it did foresee, doubtless, that as to some of its phases the business might be carried on in violation of law or against the good order and morals of the city, even by those holding to prescribed license, and hence the difficult part of the execution of the ordinance would be to confine the conduct of the business within the limits set forth in the ordinance; and, since it might be more difficult to deal with the breaches of the ordinance after they were discovered than to prevent the infraction in the first instance, the council resorted to the not unusual method of requiring the applicant to make a sworn statement, such as the one required by this ordinance, as a condition upon which the license should be granted. This case went off on demurrer, and we are therefore not favored with any evidence going to show the unreasonableness or injustice of the requirements of the ordinance. The city had a sound discretion, at least, in fixing the terms upon which it would grant the license named. This discretion will not be controlled or interfered with by the courts, except when it is abused to the hurt of the citizen complaining of the same and making proper showing in support of this conduct.

The presumption is that the city council's precautions in respect to the grant of the license were wise and the proper thing to do, and this presumption continues until the contrary is properly alleged and shown. It is, in general, the right and within the statutory power of the city to fix the terms upon which licenses

in such case will be granted, and the city is also the proper judge of the necessity and propriety of such terms, in the first instance, as well as of the efficacy and tendency to effect the lawful object of the ordinance, the enforcement of which is strictly within the police power of the state, and properly delegated to municipal corporations. It is an expression of the sovereign will and power in the broadest and most comprehensive sense. Unless some private right or private wrong is shown to be infringed, or done, in a way not countenanced by the laws of the country, it is needless to discuss the abstract rights of individuals in such a case as this, for the mere claim of private privileges must yield to the police power of the state.

The amount of the license fee is not shown to be excessive for the purpose of regulation, if such indeed could be shown in a case like this.

The decree is reversed, the demurrer to the petition sustained, the injunction dissolved, and the petition dismissed for want of equity.